UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANT LESLIE WASHAM,<br>Plaintiff,<br>v.<br>BRIAN MARTIN, et al.,<br>Defendants. | Case No. 19-cv-01907-RS (PR)<br><br>**ORDER TO SHOW CAUSE WHY PAUPER STATUS IS NOT BARRED** |

Plaintiff, a state prisoner and frequent litigant in federal court, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 and a motion to proceed in forma pauperis under 28 U.S.C. § 1915. Plaintiff is ordered to show cause on or before **September 2, 2019** why 28 U.S.C. § 1915(g) does not bar pauper status for him.

The Prison Litigation Reform Act of 1995 provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Under the law of the circuit, plaintiff must be afforded an opportunity to persuade the court that § 1915(g) does not bar pauper status for him. *See Andrews v. King*, 398 F.3d

1113, 1120 (9th Cir. 2005). *Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id. Andrews* implicitly allows the Court to raise sua sponte the § 1915(g) problem, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id.* A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

Here, plaintiff has had at least three prior prisoner actions or appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted:

**(1)** *Washam v. Henderson*, No. 13-cv-04957-EDL (N.D. Cal. Mar. 17, 2014) (suit dismissed after plaintiff failed to file an amended complaint after the first complaint had been dismissed for failure to state a claim[1]);

**(2)** *Washam v. Lake County Sheriff's Department*, No. 13-cv-05335-EDL (N.D. Cal. Mar. 13, 2014) (suit dismissed after plaintiff failed to file an amended complaint after the first complaint had been dismissed for failure to state a claim);

**(3)** *Washam v. Andrus*, No. 13-cv-05821-EDL (N.D. Cal. Jun. 27, 2014) (suit dismissed after plaintiff failed to file an amended complaint after the first complaint had been dismissed for failure to state a claim).[2]

---

[1] When the district court dismisses a complaint for failure to state a claim and grants leave to amend, and the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g). *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017).

[2] These magistrate judge dismissals count as strikes under § 1915(g) even after *Williams v. King*, 875 F.3d 500 (9th Cir. 2017), which determined that a magistrate judge "lacks the authority to dismiss a case unless all parties have consented to proceed before the magistrate judge." *Hoffman v. Pulido*, No. 18-15661, 2019 WL 2910812 at *3-*4 (9th Cir. July 8, 2019) (rejecting plaintiff's contention that post-*Williams* a magistrate judge's dismissal of a case without obtaining the defendants' consent cannot count as a strike

ORDER TO SHOW CAUSE WHY PAUPER STATUS IS NOT BARRED
CASE NO. 19-cv-01907-RS
2

In light of these dismissals, and because plaintiff does not appear to be under imminent danger of serious physical injury, the Court now orders plaintiff to show cause why *in forma pauperis* should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).

Plaintiff's response to this order to show cause is due no later than **September 2, 2019**. The response must clearly be labeled "RESPONSE TO ORDER TO SHOW CAUSE." In the alternative to showing cause why this action should not be dismissed, plaintiff may avoid dismissal by paying the full filing fee of $400.00 by the deadline. **<u>Failure to file a response, or pay the full filing fee of $400.00, on or before September 2, 2019 will result in the dismissal of this action without prejudice to bringing his claims in a new paid complaint.</u>**

**IT IS SO ORDERED.**

**Dated:** July 26, 2019

_____
RICHARD SEEBORG
United States District Judge

---

under § 1915(g)).

ORDER TO SHOW CAUSE WHY PAUPER STATUS IS NOT BARRED
CASE NO. 19-cv-01907-RS
3